UNITED STATES DISTRICT COURT
NORTHERN IDSITRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT CARSWELL, JULIE CARSWELL,
KENT
McCOY, JANINE McCOY, and ROBERT
HOWARD, individually and as representatives of
similarly situated persons,

                Plaintiffs,

                                      CASE NO.:4:10-cv-00486- SPM-WCS
vs.

LISA ECHEVERRI, as Executive Director of the
Florida Department of Revenue, acting in her
official capacity, and BP, plc; BP PRODUCTS
NORTH AMERICA, INC.; BP AMERICA,
INC.; BP EXPLORATION AND
PRODUCTION, INC.; BP AMERICAN
PRODUCTION COMPANY; TRANSOCEAN,
LTD; TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER,
INC.;TRANSOCEAN HOLDINGS, LLC;
TRITON ASSET LEASING GMBH;
HALLIBURTON ENERGY SERVICES, INC.;
CAMERON INTERNATIONAL
CORPORATION f/k/a COOPER CAMERON
CORPORATION; ANDARKO PETROLEUM
CORPORATION; ANDARKO E&P
COMPANY, L.P.; MOEX OFFSHORE 2007,
LLC; M-I, LLC; DRIL-QUIP, INC.; MITSUI
OIL EXPLORATION; and HYUNDAI HEAVY
INDUSTRIES CO., LTD., INC.,

                Defendants

**TRANSOCEAN'S AMENDED NOTICE OF REMOVAL**

Transocean Offshore Deepwater Drilling Inc., Transocean Deepwater Inc., Transocean

Holdings LLC, and Triton Asset Leasing GmbH ("Transocean"), hereby amends its Notice of

Removal filed on November 1, 2010 (Rec. Doc. 1), as follows:

1

A.      **Original Grounds of Removal**

Transocean re-avers and re-alleges the allegations made in its original Notice of Removal (Rec. Doc. 1) as if pleaded in full herein.

B.      **Timeliness of Amended Notice of Removal**

This amended notice is filed within 30 days from the service of the First Amended Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

C.      **The Oil Pollution Act**

1.      This case is properly removed because this Court has federal question jurisdiction under the Oil Pollution Act ("OPA") over the claims alleged in the Complaint. *See* 33 U.S.C. § 2717(b). Congress enacted OPA in the wake of the Exxon Valdez oil spill to provide a uniform, federal law governing the discharge of oil spills in the navigable waters of the United States and to compensate innocent victims. *Gatlin Oil Co. v. United States*, 169 F.3d 207, 209 (4th Cir. 1999). The OPA provides a comprehensive statutory framework for parties claiming damages caused by oil spills in navigable waters. *See* 33 U.S.C. § 2701, *et seq.*

2.      OPA displaces claims pleaded by Plaintiff that seek recovery of damages that are recoverable exclusively under the OPA. *South Port Marine, LLC v. Gulf Oil Ltd. P'ship,* 234 F.3d 58, 65 (1st Cir. 2000) ("Congress intended the OPA to be the exclusive federal law governing oil spills."); *Gabarick v. Laurin Mar. (America) Inc.*, 623 F. Supp. 2d 741, 750-51 (E.D. La. 2009) ("This Court finds . . . that OPA preempts general maritime law claims that are recoverable under OPA."); *Tanguis v. M/V WESTCHESTER*, 153 F. Supp. 2d 859, 867 (E.D. La. 2001) (stating that the OPA "represents Congress's attempt to provide a comprehensive framework in the area of marine oil pollution.") (citing *Rice v. Harken Exploration Co.*, 89 F.

18480081v1 0917083 73724

Supp. 2d 820, 822 (N.D. Tex. 1999)); *see also United States v. Bodenger*, No. 03, 272, 2003 U.S. Dist. LEXIS 16987, at *5-6 (E.D. La. Sept. 26, 2003) (noting that the OPA "established a comprehensive Federal oil spill response and liability legislative framework"); *National Shipping Co. of Saudi Arabia (NSCSA) v. Moran Mid-Atlantic Corp.*, 924 F. Supp. 1436 (E.D. Va. 1996) ("First, OPA clearly preempts maritime law as to recovery of cleanup expenses and the cost of compensating injured persons."). The provisions of OPA are mandatory and exclusive. *Gabarick,* 623 F. Supp. 2d at 745. OPA provides the exclusive federal remedy for recovery of oil spill-related damages, displacing non-OPA-based claims for recovery of those damages. *Id;* 23 U.S.C. § 27813. Plaintiffs claims are cognizable only under OPA and they cannot avoid OPA by artful pleading. Exclusive original jurisdiction of claims within the reach of OPA lies within the federal courts notwithstanding the citizenship of the parties or the amount in controversy. 33 U.S.C. § 2717(b).

3.       The Complaint asserts damage claims for diminution in value of Plaintiff's real estate due to an oil spill, damage claims addressed by OPA. (Complaint at ¶¶ 41-46.) The Complaint seeks recovery of damages caused by an "oil spill" resulting in "environmental and economic devastation." (Complaint at ¶¶ 1, 3, 6, 7, 8, 41, 94, 99, 101, 103, 112, 113, 114, 118, 119, 120, 121, 127-28, 134-35, 140-41). These damages fall squarely within the types of damages that Congress intended to be recoverable exclusively under OPA, and therefore Plaintiff's claims arise under the Act. *See* 33 U.S.C. §§ 2702(b), 2717(b). Because the Complaint asserts claims and rights that arise under the laws of the United States, specifically the OPA, Transocean properly removes the State Court Action to this Court under its federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441(b).

18480081v1 0917083 73724

C.      **The Outer Continental Shelf Lands Act**

4.      In addition, or in the alternative, Transocean properly removes this case because this Court has original jurisdiction over the State Court Action pursuant to OCSLA.  OCSLA provides that the district courts of the United States shall have "original jurisdiction of cases and controversies arising out of, or in connection with . . . any operation conducted on the outer Continental Shelf which involves the exploration, development, or production of minerals, of the subsoil and seabed of the outer Continental Shelf . . . ."  43 U.S.C. §1349(b)(1)(A).  "But for" the operations conducted on the outer Continental Shelf, this case or controversy could not have arisen, i.e., oil from the BP well would not have allegedly entered into Florida and allegedly caused harm as Plaintiffs claim.  This Court therefore has original subject matter jurisdiction conferred by 43 U.S.C. § 1349(b)(1)(A).

5.      In the further alternative, this Court also has subject matter jurisdiction under 28 U.S.C. § 1331, in that the claims asserted by Plaintiffs arise under a federal statute, namely, the Outer Continental Shelf Lands Act, 43 U.S.C. § 1331, *et seq.*

6.      OCSLA provides federal question jurisdiction for any case or controversy arising out of or in connection with oil and mineral operations conducted on the outer Continental Shelf, including the exploration, development, or production of minerals.  *Texaco Exploration & Prod., Inc. v. AmClyde Engineered Prods. Co.*, 448 F.3d 760, 768-70 (5th Cir. 2006) (stating that §1349(b)(1)s grant of jurisdiction is "broad" and that it "covers a wide range of activity").  OCSLA's broad jurisdictional coverage from the statutory definitions of § 1349(b)(1)'s terms "exploration, development or production,"[1] which define the scope of § 1349(b)(1)'s term

---

[1] OCSLA defines "exploration" as the "process of searching for minerals, including . . . any drilling . . . including the drilling of a well in which a discovery of oil or natural gas in paying quantities is made[.]"  43 U.S.C. § 1331(k). OCSLA defines "minerals" as including "oil, gas, sulphur, geopressured-geothermal and associated resources."  43

4

"operations."  *EP Operating Ltd. P'ship v. Placid Oil Co.*, 26 F.3d 563, 568-69 (5th Cir. 1994);

*Recar v. CNG Producing Co.*, 853 F.2d 367, 369 (5th Cir. 1988).

7.      In 1978, Congress broadened OCSLA's coverage to accommodate expanding

offshore technology and to make "clear that Federal law is to be applicable to all activities on all

devices in contact with the seabed for exploration, development, and production."  H.R. REP.

95-590, at 128 (1977), *reprinted in* 1978 U.S.C.C.A.N. 1450, 1534.

8.      For OCSLA to apply to an action, the plaintiff need not specifically assert any

claims under OCSLA in the complaint. *See Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87

F.3d 150, 154-55 (5th Cir. 1996).  Rather, OCSLA governs if the complaint satisfies its statutory

requirements.

9.      Plaintiff's allegations arise out of or are in connection with oil and mineral

operations conducted on the outer Continental Shelf, including the exploration, development, or

production of minerals.  *See* 43 U.S.C. § 1349(b)(1)(A); *Texaco Exploration & Prod.,* 448 F.3d

at 768-70.  The Complaint concedes that the Macondo Prospect oil well was located on the outer

Continental Shelf, and alleges that Transocean owed Plaintiffs a duty of care with respect to

drilling operations conducted on the outer Continental Shelf, that Transocean breached that duty

by, among other things, violating federal regulations enacted under the authority granted by

OCSLA pertaining to cementing offshore wells, and that Plaintiffs suffered damages as a result

of the alleged breaches and oil spill.  (Complaint at ¶¶ 15, 40).  Moreover, the claims made

herein allegedly arise from an accident involving an installation or device that was temporarily

attached to the seabed floor of the outer Continental Shelf for the purpose of exploring for,

developing, or producing resources therefrom, accordingly exclusive jurisdiction exists pursuant

---

U.S.C. § 1331(q).  OCSLA defines "development" as "those activities which take place following discovery of
minerals in paying quantities, including . . . drilling[.]"  43 U.S.C. § 1331(l).

18480081v1 0917083 73724

to 43 U.S.C. § 1333(a).  Because the Complaint asserts claims and rights arising under the laws of the United States, this case is removable under OCSLA.  *See* 28 U.S.C. §§ 1331, 1441(b).

WHEREFORE, Defendant, Transocean, hereby states the foregoing additional grounds for its removal of the above-captioned action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida to the United States District Court for the Northern District of Florida.

By:     s/Kenneth R. Hart
        Kenneth R. Hart
        Florida Bar No. 192580
        khart@ausley.com
        Ausley & McMullen, P.A.
        123 South Calhoun Street
        Tallahassee, Florida 32301
        Telephone:  (850) 224-9115
        Facsimile: (850) 222-7560

        Arthur J. Laplante
        Florida Bar No. 38401
        alaplante@hinshawlaw.com
        Hinshaw & Culbertson LLP
        One East Broward Blvd., Suite 1010
        Fort Lauderdale, Florida 33301
        Telephone:  954-467-7900
        Facsimile:  954-467-1024

        Damian M. Fletcher
        Florida Bar No. 0056499
        dmfletcher@hinshawlaw.com
        Hinshaw & Culbertson
        One East Broward Blvd., Suite 1010
        Fort Lauderdale, Florida 33301
        Telephone:  954-467-7900
        Facsimile:  954-467-1024

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on this 10th day of November, 2010, I electronically

transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for

filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

By: <u>s/Kenneth R. Hart</u>
    Kenneth R. Hart
    Florida Bar No. 192580
    khart@ausley.com
    Ausley & McMullen, P.A.
    123 South Calhoun Street
    Tallahassee, Florida 32301
    Telephone:  (850) 224-9115
    Facsimile: (850) 222-7560

    Arthur J. Laplante
    Florida Bar No. 38401
    alaplante@hinshawlaw.com
    Hinshaw & Culbertson LLP
    One East Broward Blvd., Suite 1010
    Fort Lauderdale, Florida 33301
    Telephone:  954-467-7900
    Facsimile:  954-467-1024

    Damian M. Fletcher
    Florida Bar No. 0056499
    dmfletcher@hinshawlaw.com
    Hinshaw & Culbertson
    One East Broward Blvd., Suite 1010
    Fort Lauderdale, Florida 33301
    Telephone:  954-467-7900
    Facsimile:  954-467-1024

18480081v1  0917083  73724

## SERVICE LIST

### SCOTT CARSWELL, ET AL.
### V
### LISA ECHEVERRI, ET AL.

### CASE NO.: 4:10-cv-00486-SPM-WCS

| | |
|---|---|
| Douglas S. Lyons, Esq.<br>Marsha L. Lyons, Esq.<br>Lyons & Farrar, P.A.<br>325 North Calhoun Street<br>Tallahassee, Florida 32301<br>Tele: (850) 222-8811<br>Fax: (850) 222-5583<br>*Attorneys for Plaintiff* | William C. Owen, Esq.<br>William C. Owen, LLC<br>241 Pinewood Drive<br>Tallahassee, Florida 32303<br>Tele: (850) 513-0600<br>Fax: (850) 877-2809<br>*Attorneys for Plaintiff* |
| P. Tim Howard, Esq.<br>Howard & Associates, P .A.<br>1471 Timberlane Road Suite 115<br>Tallahassee, Florida 32312<br>Tele: (850) 298-4455<br>Fax: (850) 216-2537<br>*Attorneys for Plaintiff* | Samuel T. Adams, Esq.<br>The Law Office of Samuel T. Adams<br>PO Box 191<br>Panama City, Florida 32402-0191<br>Tele: (850) 785-3469<br>Fax: (850) 769-6652 fax<br>*Attorneys for Plaintiff* |
| Robert Hilliard, Esq.<br>Hilliard, Munoz, Gonzalez, LLP<br>719 S. Shoreline Boulevard, #500<br>Corpus Christi, Texas 78401<br>Tele: (361) 882-1612<br>Fax: (361) 882-3015<br>*Attorneys for Plaintiff* | Kenneth Smith, Esq.<br>Sheller, P.C.<br>1528 Walnut Street, 3rd Floor<br>Philadelphia, Pennsylvania 19102<br>Tele: (215) 790-7300<br>Fax: (215) 546-0942 fax<br>*Attorneys for Plaintiff* |
| James Whatley, Esq.<br>Whatley, Drake and Kallas<br>1000 Park Place Tower<br>2001 Park Place North<br>Birmingham, Alabama 35203<br>Tele: (205) 328-9576<br>Fax: (205) 328-9669<br>*Attorneys for Plaintiff* | Lawrence L. Jones, II, Esq.<br>Jasper D. Ward, Esq.<br>Bahe Cook Cantley & Jones, PLC<br>Kentucky Home Life Building, Suite 700<br>239 South Fifth Street<br>Louisville, Kentucky 40202<br>Tele: (502) 587-2002<br>Fax: (502) 587-2006<br>*Attorneys for Plaintiff* |

18480081v1 0917083 73724

9

| Daniel E. Becnel, Jr., Esq.<br>Becnel Law Firm, LLC<br>PO Drawer H<br>Reserve, Louisiana 70084<br>Tele: (985) 536-1186<br>Fax: (985) 536-6445<br>***Attorneys for Plaintiff*** | |
|---|---|

9

18480081v1  0917083  73724