UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO.:  4:10-cv-00486-SPM-WCS

SCOTT CARSWELL, JULIE CARSWELL,
KENT McCOY, JANINE McCOY, and
ROBERT HOWARD, individually and as
representatives of similarly situated persons,

      Plaintiffs,

vs.

LISA ECHEVERRI, as Executive Director of
the Florida Department of Revenue, acting in
her official capacity, and BP, plc; BP
PRODUCTS NORTH AMERICA INC.; BP
AMERICA INC.; BP EXPLORATION AND
PRODUCTION INC.; BP AMERICA
PRODUCTION COMPANY; TRANSOCEAN
LTD.; TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER, INC.;
TRANSOCEAN HOLDINGS, LLC; TRITON
ASSET LEASING GMBH; HALLIBURTON
ENERGY SERVICES, INC.; CAMERON
INTERNATIONAL CORPORATION f/k/a
COOPER CAMERON CORPORATION.;
ANADARKO PETROLEUM
CORPORATION.; ANADARKO E & P
COMPANY, L.P.; MOEX OFFSHORE 2007,
L.L.C.; M-I, LLC; DRIL-QUIP, INC.; MITSUI
OIL EXPLORATION; and HYUNDAI HEAVY
INDUSTRIES CO. LTD., INC.,

      Defendants.
_____/

## UNOPPOSED MOTION FOR STAY OF PROCEEDINGS

Defendants BP Products North America Inc., BP America Inc., BP Exploration &

Production Inc., and BP America Production Company (collectively, "BP Defendants"),

{TL265317;1}

appearing specially through counsel and expressly reserving all defenses, including without limitation all defenses under Rule 12(b), Federal Rules of Civil Procedure, respectfully request this Court to stay the proceedings and suspend all responsive pleading and answer deadlines in the above-captioned action pending the resolution by the Judicial Panel on Multidistrict Litigation ("Panel" or "JPML") of the pending oppositions to transfer to MDL 2179 that were filed by Plaintiffs and by Defendant Florida Department of Revenue (collectively, "Oppositions to Transfer"). Specifically, the BP Defendants request this Court to stay the proceedings and suspend all responsive pleading and answer deadlines in the above-captioned action until the earlier of (1) transfer of this matter to MDL 2179 upon the Panel's denial of the Oppositions to Transfer; or (2) until 21 days after entry of an order granting the Oppositions to Transfer. In support, the BP Defendants state:

## BACKGROUND

1.  This case is one of over four hundred (400) filed in various state and federal courts in the United States arising out of an explosion and fire onboard Transocean's Deepwater Horizon drilling rig on April 20, 2010 and the ensuing oil spill from the BP well located on Mississippi Canyon Block 252 ("Deepwater Horizon Incident").

2.  Since April 20, 2010, numerous plaintiffs have filed individual or class actions alleging personal injuries, injury to their business or commercial interests and/or injury to their real or personal property arising from the Deepwater Horizon Incident. Approximately two hundred (200) of these suits are styled as class actions. The actions are dispersed across most of the jurisdictions in the southeastern United States.

3.  On May 7, 2010, BP Exploration & Production Inc. ("BPXP") filed a motion pursuant to 28 U.S.C. § 1407 to consolidate the many cases related to the Deepwater Horizon

Incident before one Multidistrict Litigation Court. On August 10, 2010, the Panel issued its Transfer Order transferring forty-six cases to the United States District Court for the Eastern District of Louisiana, Hon. Carl J. Barbier, for coordinated or consolidated pretrial proceedings with thirty-one related actions already pending in that district. Because this action was not the subject of an initial motion to transfer, it was not included in the Panel's Transfer Order. On August 24, 2010, August 31, 2010, September 2, 2010, September 8, 2010, and October 28, 2010, the Panel issued its first, second, third, fourth, and fifth Conditional Transfer Orders, respectively, in MDL 2179, transferring a combined one hundred ninety-one cases to the Eastern District of Louisiana for inclusion in MDL 2179.

4. On November 10, 2010, the Panel issued its sixth Conditional Transfer Order ("CTO-6") in MDL 2179, transferring this case and three others to the Eastern District of Louisiana for inclusion in MDL 2179.

5. On November 15, 2010, Plaintiffs and the Defendant Florida Department of Revenue filed their Oppositions to Transfer, and their supporting briefs are due November 29 and 30, 2010, respectively. Responses are due December 20 and 21, respectively.

## ARGUMENT

6. This case should be stayed pending the Panel's resolution of the Oppositions to Transfer. The Panel has already conditionally decided that this action should be transferred to MDL 2179, and in the event the Panel denies the Oppositions to Transfer, the requested stay will prevent needless waste of time and resources of the parties and the Court. Moreover, it will protect the Defendants from being required to litigate identical issues in multiple jurisdictions, with the danger of inconsistent rulings. The Panel has already set the briefing schedules for the

filed Oppositions to Transfer, and the Plaintiffs, who do not oppose the BP Defendants' request for a stay, will not suffer any prejudice as a result of the temporary stay requested here.

7. The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 620 U.S. 683, 706 (1997) ("The District Court has broad discretion to stay proceedings as incident to its power to control its own docket."). Under the circumstances present here, "stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources." *Tench v. Jackson Nat'l Life Ins. Co.*, No. 99 C 5182, 1999 WL 1044923, at *1 (N.D. Ill. Nov. 12, 1999). Indeed, the stay sought here serves the very "purpose of such [MDL] transfers . . . to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998).

8. Numerous federal courts, including courts within this Circuit, have recognized that efficiency and uniformity demand the stay of an action pending the Panel's resolution of a motion to transfer and consolidate in an MDL proceeding. *See, e.g., Maiben v. CSX Transp., Inc.*, No. 09-0125-WS-B, 2009 WL 1211186, at * 1 (S.D. Ala. May 1, 2009) ("[S]taying this action pending transfer by the MDL Panel would promote the interests of efficiency and judicial economy, would mitigate the possibility of inconsistent results between sister courts, and would not prejudice the parties in any respect."); *Boudin v. Residential Essentials, LLC*, No. 07-0018-WS-C, 2007 WL 2609510, at *2 (S.D. Ala. Sept. 6, 2007) (declining to rule on motion to dismiss until after JPML decided transfer motion); *Thomas v. Ameriquest Mortg. Co.*, No. 07-0652-WS-C, 2007 WL 3287842, at *1 (S.D. Ala. Nov. 5, 2007) (granting motion to stay and noting that "the interests of promoting judicial efficiency, avoiding inconsistent results between sister

courts, and avoiding prejudice to the parties" weighed in favor of allowing the MDL to decide pending motions); *Louisiana Stadium & Exposition Dist. v. Financial Guaranty Ins. Co.*, No. 09-235, 2009 WL 926982, at * 1 (E.D. La. Apr. 2, 2009) (granting stay pending JPML's disposition of motion to transfer and consolidate); *Kennedy v. Novartis Pharmaceuticals, Corp.*, No. CIV.A. 02-2331, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002) ("[T]he interests of judicial economy will best by served by a temporary stay in these proceedings pending a ruling by the Judicial Panel on Multidistrict Litigation."); *Falgoust v. Microsoft Corp.*, No. CIV.A. 00-0779, 2000 WL 462919, at * 2 (E.D. La. Apr. 19, 2000) (short stay to allow JPML to consider transfer motion would best promote "the interests of judicial economy"); *Aikins v. Microsoft Corp.*, No. Civ.A. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) ("Consistency and economy are both served by resolution of [common] issues by a single court after transfer by the JPML."); *Ayers v. ConAgra Foods, Inc.*, No. H-08-3723, 2009 WL 982472, at * 1 (S.D. Tex. Apr. 9, 2009) ("Judicial economy is served by a stay pending transfer if the issues involved in the [instant] motion are likely to arise in the cases that have been or will be transferred to the MDL transferee court."); *Morales v. Merck & Co., Inc.*, No. H-07-0599, 2007 WL 655714, at *1 (S.D. Tex. Feb. 28, 2007); *Gonzalez v. Am. Home Products Corp.*, 223 F. Supp. 2d 803, 806 (S.D. Tex. 2002) (granting stay to await ruling of JPML to avoid "duplicating the work of the MDL court"); *Gavitt v. Merck & Co., Inc.*, No. 2:08-cv-755-FtM-UA-DNF, 2008 WL 4642782, at *1-2 (M.D. Fla. Oct. 20, 2008) (granting stay pending disposition of JPML motion to transfer).

9. Courts traditionally weigh three factors to determine whether a stay should be ordered: (1) hardship to the moving party if a stay is not granted; (2) the judicial resources saved by avoiding duplicative litigation; and (3) potential prejudice to the non-moving party. *Louisiana Stadium & Exposition Dist.*, 2009 WL 926982, at *1; *Falgoust*, 2000 WL 462919, at

\*2; *Rivers v. Walt Disney Co.*, 980 F. Supp. 1360, 1360 (C.D. Cal. 1997). Each of these factors weighs heavily in favor of a stay in this case.

10. ***First***, the BP Defendants face a significant risk of inconsistent pretrial rulings and duplicative waste of party resources if a stay is not granted. This case, like many others that the Panel has already transferred, has been brought against the same Defendants based on the same facts and raises common questions for discovery and trial. The BP Defendants "would suffer a considerable hardship and inequity if forced to simultaneously litigate multiple suits in multiple courts." *Falgoust*, 2000 WL 462919, at \*2. The stay requested would alleviate the risk of the BP Defendants being subjected to multiple pleading and discovery requirements, and potentially conflicting or inconsistent rulings on pretrial matters.

11. ***Second***, a stay will conserve judicial resources and prevent inconsistent adjudications. The complexity of many of the factual and legal issues that are likely to arise across some or all of the Related Cases will "require the mastery of several procedural and substantive issues" that is best acquired by a single court to avoid the unnecessary expenditure of judicial resources. *Thomas*, 2007 WL 3287842, at \*1; *see also Louisiana Stadium & Exposition Dist.*, 2009 WL 926982, at \*1 (waste of judicial resources weighed heavily in favor of a stay where "the Court would have to spend time familiarizing itself with the intricacies of a case involving complex financial transactions that will ultimately be heard by another judge."). As previously discussed, a stay will also prevent inconsistent pre-trial rulings that establish conflicting standards of conduct or discovery procedures.

12. ***Third***, the short requested stay — no longer than necessary for the Panel to issue its ruling on the Oppositions to Transfer — will not prejudice the Plaintiffs here. *See Falgoust*, 2000 WL 462919, at \* 2 (granting stay where "[p]laintiffs have failed to show any significant

prejudice they would suffer, beyond the slight delay pending the JPML decision."). Nothing in the complaint suggests that a stay likely lasting approximately two months would impose significant prejudice, nor is there any indication that evidence or witnesses would be lost during such a short stay. Further, even if Plaintiffs would be prejudiced by a brief stay, that minimal prejudice is offset by the obvious benefits of coordinated proceedings. *See, e.g., Rivers*, 980 F. Supp. at 1362 n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice.").

13. Moreover, any incremental prejudice Plaintiffs may claim as a result of the short stay requested is necessarily minimal, as this action is *already* stayed as to claims against the Transocean Defendants under an Order entered by the U.S. District Court for the Southern District of Texas in Transocean's Limitation of Liability action. A short stay of Plaintiffs' claims against the remaining Defendants pending the Panel's decision on this case will not significantly impact the Plaintiffs.

14. Recognizing that a stay will best serve the interests of judicial economy and prevent undue prejudice to the Defendants without harming the Plaintiffs, a substantial majority of the courts from which the BP Defendants have requested a stay pending action by the Panel to date have entered orders staying their respective cases, including all such cases pending in the three federal district courts in Florida.

15. Undersigned counsel has conferred with Plaintiffs' counsel, who has indicated that Plaintiffs do not oppose the short stay requested in this motion.

WHEREFORE, for all of the foregoing reasons, the BP Defendants respectfully move for an order temporarily staying proceedings and suspending all responsive pleading and answer deadlines in this action until the earlier of (1) transfer of this matter to MDL 2179 upon the Panel's denial of the Oppositions to Transfer; or (2) until 21 days after entry of an order granting the Oppositions to Transfer.

### CONFERENCE PURSUANT TO N.D. FLA. LOC. R. 7.1(B)

Before filing this motion, counsel for the BP Defendants conferred with counsel for Plaintiffs in a good faith effort to resolve the issues raised herein, and counsel for Plaintiffs has advised that Plaintiffs do not oppose the relief requested in this motion.

| | |
|---|---|
| OF COUNSEL: | **AKERMAN SENTERFITT** |
| Richard C. Godfrey, P.C. | 106 East College Avenue, Suite 1200 |
| John T. Hickey Jr., P.C. | Tallahassee, FL  32301 |
| J. Andrew Langan, P.C. (admitted N.D. Fla.) | Phone:  (850) 224-9634 |
| Wendy L. Bloom (admitted N.D. Fla.) | Fax:  (850) 222-0103 |
| Kirkland & Ellis LLP | |
| 300 North LaSalle Street | By: s/ Thomas A. Range |
| Chicago, IL  60654 | J. Riley Davis |
| 312-862-2000 (Tel) | Florida Bar Number:  118121 |
| 312-862-2200 (Fax) | Thomas A. Range |
| Attorneys for the BP Defendants | Florida Bar Number:  568651 |
| | Attorneys for the BP Defendants |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed on November 16, 2010 via CM/ECF, which will send a copy of this filing via electronic mail to all attorneys of record.

s/ Thomas A. Range