UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No.  4:10-cv-00486-SPM-WCS

SCOTT CARSWELL, JULIE CARSWELL,   *
KENT McCOY, JANINE McCOY, and   *
ROBERT HOWARD, individually and as   *
representatives of similarly situated persons,   *
     *
    Plaintiffs,   *
     *
v.   *
     *
LISA ECHEVERRI, as Executive Director   *
of the Florida Department of Revenue,   *
acting in her official capacity, and BP, plc;   *
BP PRODUCTS NORTH AMERICA, INC.;   *
BP AMERICA, INC.; BP EXPLORATION   *
AND PRODUCTION, INC.; BP   *
AMERICAN PRODUCTION COMPANY;   *
TRANSOCEAN, LTD.; TRANSOCEAN   *
OFFSHORE DEEPWATER DRILLING,   *
INC.; TRANSOCEAN HOLDINGS, LLC;   *
TRITON ASSET LEASING GMBH;   *
HALLIBURTON ENERGY SERVICES,   *
INC.; CAMERON INTERNATIONAL   *
CORPORATION f/k/a COOPER   *
CAMERON CORPORATION;   *
ANADARKO PETROLEUM   *
CORPORATION; ANADARKO E & p   *
COMPANY, L.P.; MOEX OFFSHORE   *
2007, L.L.C.; M-I, LLC; DRIL-QUIP, INC.;   *
MITSUI OIL EXPLORATION; and   *
HYUNDAI HEAVY INDUSTRIES CO.   *
LTD., INC.,   *
     *
    Defendants.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## HALLIBURTON ENERGY SERVICES, INC.'S
## UNOPPOSED MOTION FOR EXTENSION OF TIME

1

Defendant Halliburton Energy Services, Inc. ("HESI"), files this unopposed request for an order extending the time for HESI to file a responsive pleading to Plaintiffs' Amended Complaint and, as good cause, states: [1]

1. This case is one of more than 300 related cases filed against HESI in various state and federal courts in the Southeastern United States arising out of an April 20, 2010, explosion and fire onboard Defendant Transocean's Deepwater Horizon Drilling Rig and the ensuing oil spill from a British Petroleum well located on Mississippi Canyon Block 252 ("Deepwater Horizon Incident").

2. As a result of the Deepwater Horizon Incident, numerous plaintiffs have filed individual and class action lawsuits alleging injuries to their person, injuries related to their business or commercial interests, and/or injuries to their real or personal property. These lawsuits were filed across jurisdictions in at least six different states in the Southeastern United States.

3. Pursuant to 28 U.S.C. §1407, many of the involved parties filed motions to consolidate the cases relating to the Deepwater Horizon Incident before the Judicial Panel on Multidistrict Litigation ("JPML"), in Case No. MDL 2179. After substantial briefing and oral argument, the JMPL ordered, on August 10, 2010, the consolidation of many then-existing lawsuits into multidistrict proceedings before the Honorable Carl Barbier in the Eastern District of Louisiana. Since that time, the JPML has entered multiple Conditional Transfer Orders, transferring numerous lawsuits not transferred with the original consolidation order.

---

[1] In filing this extension request, HESI reserves all defenses—including its rights to object to jurisdiction, service of process, and any other issues in this matter—and all other defenses available pursuant to Federal Rule of Civil Procedure 12(b), including lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, insufficient process, insufficient service of process, failure to state a claim upon which relief can be granted, and failure to join necessary parties. Nevertheless, without waiving any rights, HESI files this extension request in the interests of judicial efficiency and economy.

4. As indicated by the BP Defendants in their Motion to Stay (D.E. 16), the above-styled action was identified as subject to consolidation and transfer into the MDL 2179 proceedings, in Conditional Transfer Order No. 6.  In response to the same, Plaintiffs have filed an objection to transfer with the JPML, for which a briefing schedule has been established (MDL 2179, D.E. 349).  If transferred, this case will be subject to consolidated pleadings and coordinated scheduling, and any answer by HESI in this action would be duplicative and a waste of resources.

5. Prior to the filing of this Motion, HESI filed its Joinder with BP's pending Motion to Stay these proceedings pending transfer by the Judicial Panel (D.E. 17).  This Court has not yet ruled on BP's Motion to Stay or HESI's Joinder in the same.

6. HESI's responsive pleading to the Amended Complaint is currently due on, or before, December 6, 2010, which responsive pleading deadline may pass prior to the date the JPML resolves Plaintiffs' pending objection to transfer.  In the event this Court does enter a stay in this matter until after the JPML issues a ruling on the pending objection to transfer, HESI asserts that an extension of time to respond to the Amended Complaint for a minimum of twenty-one (21) days after the date the JPML issues its ruling would be appropriate.  Such relief is sought as part of HESI's Joinder motion (D.E. 17).

7. However, in the event this Court does not stay the proceedings as previously requested, HESI requests a thirty (30) day extension of time to file a responsive pleading to the Complaint, extending HESI's deadline to respond to the Amended Complaint to January 5, 2010.

8. As good cause shown for this request, the extension will assist with promoting efficiency and uniformity in all of the pending matters and will prevent a needless waste of time and resources by the parties and this court.

-3-

WHEREFORE, HESI moves for an order granting this Motion for Extension of Time to file a responsive pleading until twenty-one (21) days after the date the JPML issues its ruling. Alternatively, HESI moves for an order granting it an additional thirty (30) days to file a responsive pleading.

### CERTIFICATE OF CONFERENCE PURSUANT TO N.D. FLA. L. R. 7.1(B)

Prior to filing this Motion counsel for HESI conferred with counsel for the Plaintiffs in a good faith effort to resolve by agreement the issues raised herein. Counsel for the Plaintiffs has advised that Plaintiffs do not oppose the relief sought herein.

Dated: November 23, 2010

-4-

| | |
|---|---|
| **GODWIN RONQUILLO PC** | **BROAD AND CASSEL** |
| By: /s/ Donald E. Godwin | By: /s/ Mark M. Barber |
| Donald E. Godwin | Steven G. Burton |
| Attorney in Charge | Florida Bar Number 0793167 |
| Texas Bar Number 08056500 | sburton@broadandcassel.com |
| dgodwin@godwinronquillo.com | Mark M. Barber |
| Bruce W. Bowman, Jr. | Florida Bar Number 0573701 |
| Texas Bar Number 02752000 | mbarber@broadandcassel.com |
| bbowman@godwinronquillo.com | |
| Jenny L. Martinez | Regions Bank Building |
| Texas Bar Number 24013109 | 100 North Tampa Street, Suite 3500 |
| jmartinez@godwinronquillo.com | Tampa, Florida 33602 |
| Gavin E. Hill | Telephone: 813.225.3020 |
| Texas Bar Number 00796756 | Facsimile: 813.225.3039 |
| ghill@godwinronquillo.com | |
| Floyd R. Hartley, Jr. | Ginger Lynne Barry |
| Texas Bar Number 00798242 | Florida Bar Number 0294550 |
| fhartley@godwinronquillo.com | gbarry@broadandcassel.com |
| | Regions Bank Building |
| 1201 Elm Street, Suite 1700 | 200 Grand Boulevard, Suite 205A |
| Dallas, Texas 75270-2041 | Destin, Florida 32550 |
| Telephone: 214.939.4400 | Telephone: 850.269.0148 |
| Facsimile: 214.760.7332 | Facsimile: 850.521.1472 |
| | |
| and | |
| | |
| R. Alan York, | |
| Texas Bar Number 22167500 | |
| ayork@godwinronquillo.com | |
| 1331 Lamar, Suite 1665 | |
| Houston, Texas 77010 | |
| Telephone: 713.595.8300 | |
| Facsimile: 713.425.7594 | |

Counsel for Halliburton Energy Services, Inc.

-5-

**CERTIFICATE OF SERVICE**

      I hereby certify that I have on this 23rd day of November, 2010, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system. I also certify that I have mailed this filing by United States Postal Service to all counsel of record who are not registered to receive electronic service by operation of the court's electronic filing system.

      /s/ Mark M. Barber
      Mark M. Barber