IN THE UNITED STATES DISTRICT COUR
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT CARSWELL, et al.,

    Plaintiffs,                       Cause No. 4:10-cv-00486-SPM-WCS

v.

LISA ECHEVERRI, et al.,

    Defendants.

_____

**DEFENDANT CAMERON INTERNATIONAL CORPORATION'S
JOINDER IN MOTIONS TO STAY**
_____

Defendant Cameron International Corporation ("Cameron"), without waiving, but rather expressly reserving, any and all rights or defenses which may be available to it upon answering the complaint in this matter, hereby joins in and adopts the Unopposed Motion for Stay of Proceedings filed by the BP defendants (Doc. 16) and the Motion for Stay of the Proceedings filed by Halliburton (Doc. 17). Cameron submits this separate brief, however, to alert the Court to the Motions to Vacate subsequently filed by Plaintiffs and the Florida Department of Revenue before the Judicial Panel on Multidistrict Litigation ("JPML") and would show the Court as follows:

**I.
BACKGROUND**

Plaintiffs seek relief for "harm and potential harm resulting from the BP oil spill catastrophe." (First Amended Complaint, Doc. 1-1 at ¶ 1) This catastrophe occurred aboard a mobile offshore drilling rig involved in completion operations in a well on the outer continental

1

shelf off the coast of Louisiana. Plaintiffs have sued, among others:

>BP, Anadarko, and Mitsui—the owners of the Macondo lease (Doc. 1-1, ¶ 52(a)-(b));
>
>Transocean – the owner of the *Deepwater Horizon* drilling rig (Doc. 1-1, ¶ 52(c));
>
>Halliburton – a contractor providing cementing services to the well (Doc. 1-1, ¶ 52(g));
>
>Cameron – the manufacturer of the blowout preventer on the well (Doc. 1-1, ¶ 52(f));
>
>Dril-Quip – the provider of the wellhead; (Doc. 1-1, ¶ 52(d));
>
>M-I Swaco – the drilling fluids contractor (Doc. 1-1, ¶ 52(i)); and
>
>Hyundai – Plaintiffs contend Hyundai "designed, manufactured, tested and sold the blowout preventers and shear rams which failed to operate…" (Doc. 1-1, ¶ 52(h)).

On August 10, 2010, the JPML determined that the myriad of cases arising from the tragedy "indisputably share factual issues concerning the cause (or causes) of the Deepwater Horizon explosion/fire and the role, if any, that each defendant played in it." (Exhibit A, p. 3.) Accordingly, the JPML ordered transfer of those cases to the Honorable Carl Barbier of the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407. The JPML has already transferred hundreds of cases to MDL No. 2179 for this reason.

Unsurprisingly, the JPML determined, in Conditional Transfer Order No. 6 ("CTO-6"), that *this* case "involve[s] questions of fact that are common to the actions previously transferred" and conditionally ordered this case transferred to MDL No. 2179. (Exhibit B.) As set out in BP's motion for a stay, Plaintiffs and the Florida Department of Revenue filed objections to such a transfer, and the JPML established a briefing schedule to resolve the objections. (Doc. 16, p. 3).

Pursuant to that briefing schedule, Plaintiffs filed their Motion to Vacate CTO-6, and brief in support, on November 29, 2010. (Exhibit C.) The Florida Department of Revenue filed

its motion and supporting brief on November 30, 2010. (Exhibit D.) The arguments are similar. Plaintiffs argue that the JPML should vacate CTO-6 because of the pendency of their Motion to Remand. (Exhibit C, p. 4.) The Florida Department of Revenue argues that the JPML should vacate CTO-6 because of the pendency of its Motion to Dismiss and, in the Alternative, Remand. (Exhibit D, ¶ 7.) Both briefs contend that these pending motions should be resolved by this Court prior to any transfer.

## II.
## ARGUMENT

The issue now pending before the JPML is clear: should this case be transferred to the MDL, in which case the MDL (transferee) judge would resolve the pending motions uniformly with other similar motions, or should the transfer order be vacated so as to allow this Court to address the pending motions?

Cameron believes that the case should be transferred to the MDL. Issues related to the scope and reach of the Outer Continental Shelf Lands Act, the Oil Pollution Act, and the Class Action Fairness Act are common to dozens of cases in the MDL. Absent a coordinated ruling, the likelihood of inconsistent rulings is extremely high.

Apparently, the JPML agrees. On November 30, 2010, the JPML issued an order denying objections and transferring three *Deepwater Horizon* cases to the MDL. (Exhibit E.) Like the plaintiffs here, two of the objectors[1] argued that transfer should be denied until the transferor court ruled on their pending motions to remand. The JPML found these arguments "unpersuasive." (*Id.*, p. 1.) More particularly, the JPML found that these plaintiffs "can present their remand motions to the transferee judge." (*Id.*, pp. 1-2.)

---

[1] Remand had already been denied by the transferor court in the third action.

At any rate, this issue is now firmly before the JPML. If the JPML believes the arguments of the Plaintiffs and the Florida Department of Revenue have merit, it will vacate its transfer order and this Court can then address the pending motions. If the JPML finds their arguments unpersuasive, it will order transfer and the pending motions will be addressed in a coordinated fashion by the MDL judge.

Cameron respectfully submits that this Court should stay this action to allow the JPML time to make its decision. To do otherwise would place this Court in opposition to the JPML, risk rulings inconsistent with Judge Barbier in the MDL, and thereby frustrate one of the very purposes for which MDL centralization was designed.

WHEREFORE, Cameron respectfully requests that this Court stay all further proceedings pending a final decision by the JPML whether this action will be transferred to the Eastern District of Louisiana for inclusion in MDL No. 2179.

        Respectfully submitted,

        s/ *Glenn T. Burhans, Jr.*
        **BARRY RICHARD**
        FLORIDA BAR NO. 105599
        **GLENN T. BURHANS, JR.**
        FLORIDA BAR NO. 605867
        **BRIDGET K. SMITHA**
        FLORIDA BAR NO. 0709581
        **GREENBERG TRAURIG, P.A.**
        101 East College Avenue
        Tallahassee, FL  32301
        Telephone (850) 222-6891
        Facsimile (850) 681-0207
        EMAIL: BURHANSG@GTLAW.COM
        **Counsel for Cameron International Corporation**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 2, 2010, a copy was served via the CM/ECF system upon all parties who have appeared.

*s/ Glenn T. Burhans, Jr.*
**GLENN T. BURHANS, JR.**

TAL 451,571,740v1 12-2-10