UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT CARSWELL and JULIE CARSWELL,
Husband and Wife, KENT MCCOY and
JANNINE MCCOY, Husband and Wife,
and ROBERT HOWARD individually,
Individually and as Representatives of
similarly situated persons,

    Plaintiffs,

v.                                    Case No. 4:10-CV-00486

LISA ECHEVERRI, as Executive
Director of the Florida Department of
Revenue, acting in her official capacity, and
BP, plc; BP PRODUCTS NORTH
AMERICA, INC.; BP AMERICA, INC.;
BP EXPLORATION AND PRODUCTION,
INC.; BP AMERICAN PRODUCTION
COMPANY; TRANSOCEAN, LTD.;
et al, TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER,
INC.; TRANSOCEAN HOLDINGS, LLC;
TRITON ASSET LEASING GMBH;
HALLIBURTON ENERGY SERVICES,
INC.; CAMERON INTERNATIONAL
CORPORATIONf/k/a COOPER CAMERON
CORPORATION; ANADARKO
PETROLEUM CORPORATION;
ANADARKO E & P COMPANY, L.P.;
MOEX OFFSHORE 2007, L.L.C.;
—I, LLC; DRIL-QUIP, INC.; MITSUI OIL
EXPLORATION; and HYUNDAI HEAVY
INDUSTRIES CO. LTD., INC.

    Defendants.

_____/

PLAINTIFFS' RESPONSE TO BP DEFENDANTS'
MOTIONS FOR STAY OF PROCEEDINGS

Plaintiffs, by and through their undersigned counsel file this Response to the Defendants BP Products North America Inc., BP America Inc., BP Exploration & Production Inc., BP American Production Company, (collectively "BP Defendants') Motion for Stay of Proceedings, and the joinder in such motions by the Defendants, Halliburton Energy Services, Inc., and Cameron International Corporation f/k/a Cooper Cameron, and state as follows:

1. The BP Defendants originally filed what was characterized as an Unopposed Motion for Stay of Proceedings, indicating that they had conferred with counsel for the Plaintiffs and that they advised that they did not oppose such a motion.

2. Halliburton Energy Services, Inc. "HESI" filed a Joinder in the BP Motion.

3. However, BP subsequently filed an Amended Rule 7.1(B) Conference Statement correctly representing that Plaintiffs had agreed to an extension of time to file responsive pleadings but objected to the request for a stay of all other proceedings pending the resolution by the Judicial Panel on Multidistrict Litigation or "JPML" of the pending oppositions to transfer to MDL 2179 that were filed by the Plaintiffs and the Defendant, Florida Department of Revenue.

4. The Defendant, Cameron International Corporation f/k/a Cooper Cameron, "Cameron" has now also filed a joinder in the Motions to Stay. Its primary argument is based on the fact that the JPML recently denied a motion to vacate the conditional transfer order in three matters. In two of those motions to remand were pending and in a third a motion to remand had been denied.

5. The Defendants argue that the proceedings in this matter should be stayed pending a decision by the Panel which has already conditionally decided that the action should be transferred to the MDL 2179 and that in the event the Panel denies the Oppositions to Transfer, that the requested stay will "prevent needless waste of time and resources of the parties and the

Court" and "protect the Defendants from being required to litigate identical issues in multiple jurisdictions..."

6. The criteria governing the JPML's exercise of discretion to transfer a matter under the MDL system is set forth in *Myers v. Bayer AG,* 143 F.Supp. 1044, 1047 (E.D. Wis. 2001)

> The MDL system provides for the transfer of actions with one or more common questions of fact to a single district for coordinated pretrial proceedings. 28 U.S.C. §1407(a). Congress authorized the JPML to order transfers only after determining that transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions," Id., and with the expectation that transfers will be ordered "only where significant economy and efficiency in judicial administration may be obtained," H.R. Rep. No. 90-1130 (1968), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1900.
>
> **A pending JPML transfer motion or conditional transfer order does not affect the jurisdiction of the transferor court or its ability to rule upon any pending motions.** Rules of Procedure of the JPML R. 1.5; *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979). Plaintiff argues that this court should address her motion to remand before addressing defendants' motion for a stay and makes two arguments in support of this contention: (1) that federal courts are obligated to determine whether they have jurisdiction before ruling on any other motions, therefore, I must address the remand motion before the stay motion; (2) that even if I am not required to give primacy to the motion to remand I should nevertheless do so for reasons of policy. I now turn to these arguments. (emphasis supplied)

7. In fact the law supports the position that the transferor court should consider a pending motion to remand and determine if it has jurisdiction.

> My view is that a court's first step should be to make a preliminary assessment of the jurisdictional issue. Although *Landis* might be read to empower me to stay the case without making any effort to verify jurisdiction, I am, nevertheless, reluctant to do so. First, *Steel Co.* emphasized the constitutional importance of the "jurisdiction first" principle. Second, 28 U.S.C. §1447(c) directs that "[I]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case <u>shall</u> be remanded." (emphasis added). This section dictates that a judge should give at least some consideration to a remand motion. The third reason is judicial economy. "If the limited review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the [transferor] court . . . should dismiss the case rather than waste the time of another court." *Phillips v.*

3

> *Seiter*, 173 F.3d 609, 611 (7th Cir. 1999) (discussing transfer of habeas corpus cases rather than multi-district civil litigation).

*Id.* at 589. See also *Brown v. Bayer Corporation*, (S.D. Ill. 9-28-2009) at p. 2; *Betts v. Eli Lilly & Co.*, 435 F.Supp. 2d 1180, 1182 (S.D. Ala. 2006).

8. The Plaintiffs (Doc. 23) have filed a Motion to Remand in this matter. (Doc. 23). The Defendant Florida Department of Revenue has filed a Motion to Dismiss and /or Remand and a Motion to Expedite the Consideration of its Motion to Dismiss and in the Alternative to Remand (Doc. 27).

9. The Plaintiffs contend in their Motion to Remand that no valid basis exists to justify the removal of this declaratory judgment action and that once the motion is considered by the District Court that the matter will be remanded to state court. The factual issue sought to be declared and adjudicated in this litigation is what percentage or proportional share of the just value diminutions of assessed property values in each of the affected coastal counties for tax year 2011 and subsequent years is attributable to oil pollution resulting from the BP oil spill. Under these circumstances, the criteria weigh against a stay of the proceedings and in favor of quick resolution of the motion for remand by the transferor court.

> . . . But because *Meyers* contemplates that only obvious motions to remand will be decided by the transferor court, the possibility of inconsistent results on truly indistinguishable facts, law and argument is largely theoretical. As for prejudice, no party has a right to remain in federal court when subject matter jurisdiction is plainly lacking, and a defendant caught by *Meyers* is thus not prejudiced in any meaningful sense by an early rather than late remand to state court.

*Betts, supra.* At 5.

10. Waiting for a decision by the Panel on the Objections filed by the Plaintiffs without first obtaining a decision by this Court resolving the pending motions to remand imposes a clear burden on the Plaintiffs.

4

> Removing a case to federal court has long been known to impose a burden upon plaintiffs; at a minimum, it requires the plaintiff to present its arguments for remand in a foreign forum, often at a considerable distance from the local county courthouse and before a judge who might be less sympathetic to the plaintiff's cause than a judge who is local (and often, elected). Edward A. Purcell, Jr., *Litigation and Inequality: Federal Diversity Jurisdiction in Industrial America, 1870-1958* 25, 52-53 (1992). Concerns about being haled into distant courts are particularly implicated by the MDL system. Not only is the judge unknown, but the proceeding is all but certain to be even farther from home, and plaintiff's chosen counsel may have little power to shape the course of the litigation. Earle F. Kyle, IV, *The Mechanics of Motion Practice Before the Judicial Panel on Multidistrict Litigation*, 175 F.R.D. 589, **590** (1998) ("the Panel can seize control of your case, thrust you into someone else's litigation halfway across the country, and relegate you to `100th chair' status in an already over-lawyered mass litigation"); Mike Roberts, *Multidistrict Litigation and the Judicial Panel. Transfer and Tag-Along Orders Prior to a Determination of Remand: Procedural and Substantive Problem or Effective Judicial Public Policy?*, 23 Memphis St. U. L. Rev. 841, 843 (1993) (observing that a plaintiff may be "swiftly transferred from his state court to his home federal district and then whisked to an unknown, unpredictable United States district judge").

*Myers, supra.* at 1048.

11. While there is no reason for the Plaintiffs to repeat the arguments contained in their Motion to Remand, those arguments are incorporated herein by reference. [1]

---

[1] In the Motion for Remand filed by the Plaintiffs, Plaintiffs argue that (1) their request for declaratory relief set forth in their first amended complaint does not present a case or controversy as to the existence of liability of the Transocean defendants for damages under state or federal law; (2) Congress' enactment of the Oil Pollution Act ("OPA") in 1990 was not intended to preempt Florida's statutory relief conferred for damages caused by the pollution of state territorial waters set out in Chapter 376, Florida Statutes and in fact, to the contrary, the two "saving chances" in OPA's Title I – 33 U.S.C. §12718(a)(1)c), - "expressly preserve state authority to impose additional liability requirements and penalties." *United States v. Massachusetts*, 493 F.3d 1, 6 (1st Cir. 2007). OPA's non-preemption of such additional liability features grounded on state conferred monetary remedial provisions was settled in *United States v. Locke*, 529 U.S. 89, 105 (U.S. 2000); (3) Federal question jurisdiction attending the enactment of Outer Continental Shelf Land Act ("OCSLA") does not operate to displace or preempt causes of action arising or existing by the territorial reach of state laws; and (4) The defendants have failed to meet their burden of demonstrating the matter in controversy in this action satisfies the $5,000,000 jurisdictional requirement contained in 28 U.S.C. §1332(d)(2).

12. In the matter of *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1232-1233( D. Hawaii 2007), the Court discussed the issue of whether or not to grant a stay, when a motion for remand was pending as well as a decision by the JPML.

> The Court reviewed the considerations vital to such a decision, stating:
> In this case, not only is the issue of whether to grant a stay before this Court, however, but also the issue of whether to remand the action to state court. Courts have held that when jurisdictional issues are in dispute, a motion to remand should be resolved prior to the determination of whether a stay is appropriate. *Smith v. Mail Boxes, Etc.*,191 F. Supp. 2d 1155, Page 14 1157 (E.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (granting stay pending MDL transfer decision after considering jurisdictional issues in remand motion); *Tortola Rest., L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (denying stay motion and addressing merits of motion to remand); *Kohl v. Am. Home Products Corp.*, 78 F. Supp. 2d 885, 888 (W.D. Ark. 1999) (granting stay following determination that removal was proper and denial of remand was warranted); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F. Supp. 2d 1042, 1047 (D. Kan. 1999) (reasoning that preliminary jurisdictional issue should be determined on motion to remand before court considers staying the action)). "However, the calculus changes somewhat when deference to a MDL court will further 'the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *McClelland v. Merck & Co.*, CIV. No. 06-00543 JMS/BMK, 2007 WL 178293, *2 (D. Haw. Jan. 19, 2007) (quoting *Leeson v. Merck & Co., Inc.*, No. S-05-2240 WBS PAN, 2006 WL 3230047 (E.D. Ca. Jan.
> 
> When considering simultaneous motions to remand and motions to stay the proceedings, district courts employ a three-step methodology. First, "a court should . . . give preliminary scrutiny to the merits of the motion to remand. If this preliminary assessment suggests that removal was improper, the Page 15 court should promptly complete its consideration and remand the case to state court." Id. (quoting *Meyers v. Bayer AG*, 143 F. Supp. 2d 1044, 1049 (E.D. Wis. 2001)); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004). If "the jurisdictional issue appears factually or legally difficult, [however,] the court's second step should be to determine whether identical or similar jurisdictional issues have been raised in other cases that have been or may be transferred to the MDL proceeding."[fn2] Id. (quoting *Meyer*, 143 F. Supp. 2d at 1049); *Conroy*, 325 F. Supp. 2d at 1053. A court should only proceed to the third step and consider the motion to stay "if the jurisdictional West Page 1233 issue is both difficult and similar or identical to those in cases transferred or likely to be transferred." *Meyer*, 143 F. Supp. 2d at 1049; *McClelland*, 2007 WL 178293, at *2; *Conroy*, 325 F. Supp. 2d at 1053.

In that case the court determined that remand was appropriate because the Defendant had not established the amount in controversy.

13. The Court in this case should take a preliminary look at the Motions for Remand and at that point such motion should be granted.

14. That is particularly evident when the Plaintiffs' Motion is viewed in conjunction with the Motion filed by the Florida Department of Revenue.

15. The Florida Department of Revenue has submitted that this Court lacks jurisdiction for a variety of reasons, including the Eleventh Amendment, which has been construed to bar a suit by a citizen against the citizen's own state or one of its agencies, regardless of the nature of the relief sought.

16. Plaintiffs recognize that the court held in *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 386 that the "presence in an otherwise removable case of a claim that the Eleventh Amendment may bar does not destroy removal jurisdiction that would otherwise exist."

However, if in fact this Court does not have jurisdiction over the Florida Department of Revenue in connection with this matter, then the Court should remand the matter based on principals of judicial economy, as it would make no sense for this Court to consider claims as they relate to the other Defendants without considering those claims with regard to the Florida Department of Revenue.

## **CONCLUSION**

Defendants' Motions to stay this Court's decision as to remand is not favored and is simply an attempt by them to postpone resolution of the critical issues presented and should be denied.

_s/ Marsha L. Lyons_

Douglas S. Lyons, Esq.
Fla. Bar No. 128277
Marsha L. Lyons, Esq.
Fla. Bar No. 128281
Lyons & Farrar, P.A.
325 North Calhoun Street
Tallahassee, Florida 32301
(850) 222-8811
(850) 222-5583 fax

William C. Owen, Esq.
William C. Owen, LLC
241 Pinewood Drive
Tallahassee, Florida 32303
Fla. Bar No. 105417
(850) 513-0600
(850) 877-2809 fax

P. Tim Howard, Esq.
Howard & Associates, P.A.
1471 Timberlane Road
Suite 115
Tallahassee, Florida  32312
(850) 298-4455
(850) 216-2537 fax

James G. Feiber, Jr., Esq.
Salter Feiber Murphy Hutson
& Menet P.A.
P. O. Box 357399
Gainesville, Florida 32635
(352) 376-08201
(352) 376-7996 Fax

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2010, the foregoing document was filed with the Clerk of Court and served via the CM/DCF system on all counsel of record.

_s/ Marsha L. Lyons_
Marsha L. Lyons

L:\DSL\1 - BP Oil Spill Litigation\1-Lawsuits\Carswell\Pleadings\Response\responsetomotionforstay.wpd