UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT CARSWELL, JULIE CARSWELL,
KENT McCOY, JANINE McCOY, and ROBERT
HOWARD, individually and as representatives of
similarly situated persons,

Plaintiffs,

CASE NO.:4:10-cv-00486- SPM-WCS

vs.

LISA ECHEVERRI, as Executive Director of the
Florida Department of Revenue, acting in her
official capacity, and BP, plc; BP PRODUCTS
NORTH AMERICA, INC.; BP AMERICA,
INC.; BP EXPLORATION AND
PRODUCTION, INC.; BP AMERICAN
PRODUCTION COMPANY; TRANSOCEAN,
LTD; TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER,
INC.;TRANSOCEAN HOLDINGS, LLC;
TRITON ASSET LEASING GMBH;
HALLIBURTON ENERGY SERVICES, INC.;
CAMERON INTERNATIONAL
CORPORATION f/k/a COOPER CAMERON
CORPORATION; ANDARKO PETROLEUM
CORPORATION; ANDARKO E&P
COMPANY, L.P.; MOEX OFFSHORE 2007,
LLC; M-I, LLC; DRIL-QUIP, INC.; MITSUI
OIL EXPLORATION; and HYUNDAI HEAVY
INDUSTRIES CO., LTD., INC.,

Defendants.

Defendant Florida Department of Revenue's Response to
<u>The Second Amended Notice of Joinder in Motions to Stay</u>

  Defendant, the Florida Department of Revenue, hereby responds to the December 3, 2010

Second Amended Notice of Joinder in Motions to Stay which included additional argument filed

by Defendant, Cameron International Corporation.

On November 16, 2010 the BP Defendants filed an Unopposed Motion for Stay of Proceedings (Unopposed Motion for Stay) (Dkt. no. 16) and Halliburton Energy Services, Inc. ("HESI") filed a Joinder in BP Defendants' Motion for Stay of the Proceedings (Dkt. no. 17). On November 22, 2010 the BP Defendants filed an Amended Rule 7.1(B) Conference Statement Regarding Unopposed Motion for Stay of Proceedings (Dkt. no. 20) and stated that Plaintiffs opposed their request for a stay. The Florida Department of Revenue, as a Defendant does not join in or agree with the BP Defendants' Unopposed Motion for Stay, and was also not consulted by the BP Defendants before they filed their Unopposed Motion for Stay. Defendant Cameron International Corporation (Cameron) in its Notice of Joinder (Dkt. no. 32) simply did not just file a joinder but also included additional argument. The purpose of this pleading is to respond to the additional arguments raised by Cameron.

1. This case is before this Court on the issue of whether there is "federal question" jurisdiction of a first amended complaint filed in the Circuit Court of the Second Judicial Circuit, Leon County, Florida (Second Judicial Circuit), pursuant to Chapter 86, Florida Statutes. See Transocean's Amended Notice of Removal (Dkt no. 10) filed on November 10, 2010. In this state tax law case, Plaintiffs seek an injunction prohibiting the Florida Department of Revenue and the State Court System from exercising their respective statutorily granted authority involving the valuation and assessment of real property for *ad valorem* property tax purposes in Florida. See Florida Department of Revenue's Motion to Dismiss and in the Alternative Remand (Motion to Dismiss and/or Remand) (Dkt. no. 26).

2. This case in the first instance mainly involves the valuation of property by local Florida county property appraisers for ad valorem tax purposes. Because there is no federal issue whatsoever presented on the face of the first amended complaint and the lack of jurisdiction of

this Court over state tax law matters, the traditional rules governing removal dictate against such removal to this Court and favor dismissing or remanding back to the Second Judicial Circuit.

3. Nothing presented by Cameron in its additional argument should distract or dissuade this Court from ruling upon the Florida Department of Revenue's Motion to Dismiss and/or Remand in an expedited manner as set forth in its Motion to Expedite the Consideration of the Defendant Florida Department of Revenue's Motion to Dismiss and in the Alternative Remand ("Motion to Expedite") (Dkt. no. 27) filed on November 30, 2010 and now pending before this Court.  Cameron's Notice of Joinder presents legal argument and authority that is inopposite to its request that this Court grant a stay of this proceeding.

4. In its Notice of Joinder, on pages 2-3, Cameron stated that this the case should be transferred to the MDL because "[i]ssues related to the scope and reach of the Outer Continental Shelf Lands Act, the Oil Pollution Act, and the Class Action Fairness Act are common to dozens of cases in the Multidistrict MDL Court.  Absent a coordinated ruling, the likelihood of inconsistent rulings is extremely high."

5.  Unlike the dozens of cases in MDL No. 2179, the issues in this case are not "common" to and do not relate to the "scope and reach" of the Outer Continental Shelf Lands Act, the Oil Pollution Act and the Class Action Fairness Act.  Cameron cites as authority for this proposition to an order of the MDL Court (Dkt. no. 377) entered on November 30, 2010 discussing and denying remand and transferring of three cases involving plaintiffs (Kritzer, M.P. Cheng, and Pappas Restaurant) who are not members of the Executive branch of any state. Additionally, the Florida Department of Revenue in this case is a Defendant, not a Plaintiff.

6. The MDL Court based its transfer of these cases because they presented "common questions of fact with actions in this litigation previously transferred to the Eastern District of

3

Louisiana, and that transfer of these actions to the Eastern District of Louisiana for inclusion in MDL No. 2179 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation." Notice of Joinder, Exhibit E, page 2.

7. In this action, Plaintiffs seek declaratory relief with respect to pure questions of Florida law relating to the proper interpretation of *ad valorem* property tax law, whereas the underlying cases in MDL No. 2179 are primarily tort or contract suits and related statutory actions involving different and fact-intensive inquiries into issues of fault and damages relating to the Deepwater Horizon explosion, fire, sinking, and resulting oil spill. In this state tax law case, there are no "common questions of fact" relating to the Deepwater Horizon explosion and involving to the Florida Department of Revenue.

8. As the issues in this case are simple, straightforward and principally consist of state tax law matters, there is no danger as Cameron argues that "[a]bsent a coordinated ruling, the likelihood of inconsistent rulings is extremely high." Instead, the Florida Department of Revenue submits the potential disruption and harm to the property tax system in the state of Florida is real and any delay in the yearly process of valuation, assessment and collection of the taxes involved would adversely affect the budgetary process of school districts, special districts, water management districts, counties and municipalities.

WHEREFORE, for all of the foregoing reasons, the Florida Department of Revenue requests this Court to deny Cameron's request for a stay of all further proceedings pending a final decision by the MDL Court and request that the Court expedite a ruling on the Florida Department of Revenue's Motion to Dismiss and/or Remand prior to any action by the MDL Court.

Respectfully submitted,

BILL McCOLLUM
ATTORNEY GENERAL

/s/   Jonathan A. Glogau
Jonathan A. Glogau
Chief, Complex Litigation
Fla. Bar No. 371823
PL-01, The Capitol
Tallahassee, FL 32399-1050
850-414-3300, ext. 4817
850-414-9650 (fax)
jon.glogau@myfloridalegal.com

Joseph C. Mellichamp, III
Chief, Revenue Litigation Bureau
Florida Bar No. 133249
Office of the Attorney General
The Capitol,
PL-01 Tallahassee, FL 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
Joe.Mellichamp@myfloridalegal.com

Counsel for Defendant Lisa Echeverri

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2010, the foregoing document was filed with the Clerk of Court via the CM/ECF system, causing it to be served on all counsel of record.

/s/ Jonathan A. Glogau
Attorney

5