UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SCOTT CARSWELL and JULIE CARSWELL,
Husband and Wife, KENT MCCOY and
JANNINE MCCOY, Husband and Wife,
and ROBERT HOWARD individually,
Individually and as Representatives of
similarly situated persons,

  Plaintiffs,

v.                Case No. 4:10-CV-00486

LISA ECHEVERRI, as Executive
Director of the Florida Department of
Revenue, acting in her official capacity, and
BP, plc; BP PRODUCTS NORTH
AMERICA, INC.; BP AMERICA, INC.;
BP EXPLORATION AND PRODUCTION,
INC.; BP AMERICAN PRODUCTION
COMPANY; TRANSOCEAN, LTD.;
et al, TRANSOCEAN OFFSHORE
DEEPWATER DRILLING, INC.;
TRANSOCEAN DEEPWATER,
INC.; TRANSOCEAN HOLDINGS, LLC;
TRITON ASSET LEASING GMBH;
HALLIBURTON ENERGY SERVICES,
INC.; CAMERON INTERNATIONAL
CORPORATIONf/k/a COOPER CAMERON
CORPORATION; ANADARKO
PETROLEUM CORPORATION;
ANADARKO E & P COMPANY, L.P.;
MOEX OFFSHORE 2007, L.L.C.;
—I, LLC; DRIL-QUIP, INC.; MITSUI OIL
EXPLORATION; and HYUNDAI HEAVY
INDUSTRIES CO. LTD., INC.

  Defendants.
_____/

**PLAINTIFFS' RESPONSE TO DEFENDANTS TRANSOCEAN DEEPWATER INC.,
TRANSOCEAN HOLDINGS LLC and TRITON ASSET LEASING GmbH
MOTION FOR STAY OF PROCEEDINGS**

The plaintiffs file their response to the Defendants Transocean Deepwater, Inc, Transocean Holdings LLC and Triton Asset Leasing GmbH (hereinafter referred to collectively as "Transocean Defendants") Motion to Stay Proceedings, and states:

1. No matter how the Transocean Defendants frame their motion to stay and their argument in support of said motion, the real issue is whether, prior to any other action being taken by this court or the Panel, this Court should rule on the plaintiffs' and the Florida Department of Revenue's ("Department") motions to remand currently before this Court

2. In their efforts to confuse the issues in this case, the Transocean Defendants continue to mischaracterize the relief sought by the putative plaintiff subclasses in their first amended complaint. This mischaracterization first came to light in the erroneous assertions found in the Transocean Defendants' response to the plaintiff's motion to remand (Doc. 10). This response purportedly refers to Plaintiffs' originally filed complaint not the plaintiffs' first amended complaint which is the complaint at issue and represents:

> "3. The Complaint <u>asserts damage claims for diminution in value of</u> (Complaint at ¶¶ 41-46). <u>The Complaint seeks recovery of damages caused by an "oil spill" resulting in "environmental and economic devastation." (Complaint at ¶¶ 1, 3, 6, 7, 8, 41, 94, 99, 101, 103, 112, 113, 114, 118, 119, 120, 121, 127-128, 135-135, 140-41).</u> These damages fall squarely within the types of damages that Congress intended to be recoverable exclusively under OPA, and therefore, Plaintiff's claims arise under the Act."

(Doc. 10, p. 3); (Emphasis added).

Contrary to the Transocean Defendants' contention, plaintiffs' first amended complaint seeks only declaratory relief, <u>not</u> damages. Transocean's motion to stay repetitively mischaracterizes the relief sought by the plaintiffs and reaffirms:

> "The First Amended Complaint, like many of the actions filed against Transocean arising out of the Deepwater Horizon incident of April 20, 2010,

alleges damages for economic loss, including market value losses of plaintiff's real estate, damage claims addressed by OPA."(Emphasis added).

(Doc. 37, p. 6);

3. The reason for the Transocean Defendants' wrongful assertions is blatantly obvious. The defendants are attempting to place the plaintiffs in the same category as the vast majority of plaintiffs in "other" actions who have filed suit against Transocean and other BP related defendants and who are seeking monetary damages in their respective law suits; but to the contrary, the plaintiff's first amended complaint requests a declaratory decree concerning only specific questions relating solely to Florida law.

4. It is important to note that the "other" cases which have been transferred to MDL No. 2179 are almost universally contract matters, civil tort cases, or matters relating to statutory liability issues. These "other" cases involve actions with issues that are much different than the issues posed in this suit. In those "other" contract or tort cases there may be common questions of fact involving issues of fault and damages directly relating to the Deepwater Horizon oil spill. In the instant case, the questions framed in the plaintiff's amended complaint relate specifically to declaratory relief as to the diminution of property values as a result of the spill and the possible ad valorem tax affects which might result from decisions by affected tax authorities to redistribute taxes because of such diminutions. The plaintiffs' claims are unique to this litigation and are different and distinct from all other cases currently found in MDL No. 2179.

5. Specifically, the controlling factual issue sought to be declared adjudicated in this litigation is what percentage or proportional share of the just value diminutions of assessed property values in each of the affected coastal counties for tax year 2011 and subsequent years is attributable to pollution or contamination resulting from the BP oil spill. The limited nature of

the declaratory relief sought in this litigation is made crystal clear in the Introduction feature set out in the first amended complaint. (Doc. 1, p. 9, ¶ 1). It is clear that the defendants are attempting to characterize the plaintiffs' cause of action as one for damages - not one for declaratory relief - because the Transocean Defendants once again wrongfully ignore the actual declaratory relief sought by stating in their motion:

> "...the Complaint asserts the same, or substantially similar, <u>claims and damages</u> sought by numerous other plaintiffs in the transferred actions, all of which were allegedly caused by the Deepwater Horizon incident, the coordinated discovery in the Transferee Court will encompass the same discovery requests and responses relevant to those claims." (emphasis added).

(Doc. 37, p. 9);

This simply is not true.

6. The Transocean Defendants argue that not granting a stay will cost both the Transocean Defendants and the plaintiffs because of "costly and duplicative discovery and motion practice". The plaintiffs have no objection to the entry of an order staying discovery, but urge the Court to proceed with plaintiffs' motion to remand (Doc. 23) as well as the Department's motion to remand (Doc. 26), the latter being subject to a motion to expedite (Doc. 27).

7. Likewise, the Transocean Defendants continue to ignore the fact that the pending motions to remand should be determined by the putative transferor court before any other further action is taken in this case. A pending JPML transfer motion or conditional transfer order does not affect the jurisdiction of a putative transferor court or its ability to rule upon any pending motions. Rules of Procedure of the JPML R. 1.5; *Gen. Elec. Co. v. Byrne*, 611 F.2d 670, 673 (7th Cir. 1979).

4

8.   Pursuant to the applicable law, the putative transferor court should consider a pending motion to remand and determine if it has jurisdiction. As the Court in *Gen Elec. Co.* reasoned:

> ...Steel Co. emphasized the constitutional importance of the "jurisdiction first" principle. Second, 28 U.S.C. §1447(c) directs that "[I]f at any time before judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added). This section dictates that a judge should give at least some consideration to a remand motion. The third reason is judicial economy. "If the limited review reveals that the case is a sure loser in the court that has jurisdiction (in the conventional sense) over it, then the [transferor] court . . . should dismiss the case rather than waste the time of another court." *Phillips v. Seiter*, 173 F.3d 609, 611 (7th Cir. 1999) (discussing transfer of habeas corpus cases rather than multi-district civil litigation).

*Id.* at 589. See also *Brown v. Bayer Corporation*, (S.D. Ill. 9-28-2009) at p. 2; *Betts v. Eli Lilly & Co.*, 435 F.Supp. 2d 1180, 1182 (S.D. Ala. 2006). This procedure or protocol was also affirmed in *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1232-1233 (D. Hawaii 2007), where the Court noted:

> The Court reviewed the considerations vital to such a decision, stating:
> In this case, not only is the issue of whether to grant a stay before this Court, however, but also the issue of whether to remand the action to state court. Courts have held that when jurisdictional issues are in dispute, a motion to remand should be resolved prior to the determination of whether a stay is appropriate. *Smith v. Mail Boxes, Etc.*, 191 F.Supp. 2d 1155,1157, (E.D. Cal. 2002), citing *Good v. Prudential Ins. Co. of Am.*, 5 F.Supp. 2d 804, 809 (N.D. Cal. 1998) (granting stay pending MDL transfer decision after considering jurisdictional issues in remand motion); *Tortola Rest., L.P. v. Kimberly-Clark Corp.*, 987 F.Supp. 1186, 1188-89 (N.D. Cal. 1997) (denying stay motion and addressing merits of motion to remand); *Kohl v. Am. Home Products Corp.*, 78 F.Supp. 2d 885, 888 (W.D. Ark. 1999) (granting stay following determination that removal was proper and denial of remand was warranted); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft*, 54 F.Supp. 2d 1042, 1047 (D. Kan. 1999) (reasoning that preliminary jurisdictional issues should be determined on motion to remand before court considers staying the action).

9. The plaintiffs and the Department contend in their respective motions to remand that no valid basis exists to justify the removal of this declaratory judgment action and that once their motions are considered by the Court, the case will likely be remanded to state court. Under the existing facts and circumstances, the criteria weigh against a stay of the proceedings and in favor of a quick resolution of the subject matter jurisdiction questions reflected in the motions to remand.

10. The plaintiffs' substantive arguments contained in their motions to remand are incorporated herein by reference. [1]

11. The underpinnings of the Departments' remand motion is that this Court lacks jurisdiction based upon the Eleventh Amendment immunity and such status warrants a remand.

12. Finally, in a well reasoned decision, in *TA v. Neimes*, 927 F.Supp. 977, 995 (W.D. Tex. 1996), the court discussed whether or not it should sever and remand certain claims back to the state court from whence they came because of Eleventh Amendment immunity of state defendants. A question remained as what should be done with the remaining claims against certain individuals who were employed by the state and were sued in their individual capacities. Since these claims were grounded on federal question jurisdiction, the court considered whether

---

[1] In the Motion for Remand filed by the plaintiffs, plaintiffs argue that (1) their request for declaratory relief set forth in their first amended complaint does not present a case or controversy as to the existence of liability of the Transocean defendants for damages under state or federal law; (2) Congress' enactment of the Oil Pollution Act ("OPA") in 1990 does not preempt Florida's statutory relief conferred for damages caused by the pollution of state territorial waters as set out in Chapter 376, Florida Statutes and to the contrary, the two "saving chances" in OPA's Title I – 33 U.S.C. §12718(a)(1)©), - "expressly preserve state authority to impose additional liability requirements and penalties." *United States v. Massachusetts*, 493 F.3d 1, 6 (1st Cir. 2007). OPA's non-preemption of such additional liability features grounded on state conferred monetary remedial provisions was settled in *United States v. Locke*, 529 U.S. 89, 105 (U.S. 2000); (3) Federal question jurisdiction attending the enactment of Outer Continental Shelf Land Act ("OCSLA") does not operate to displace or preempt causes of action arising or existing under state law. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473 (1981). and (4) The defendants have failed to meet their burden of demonstrating the matter in controversy in this action satisfies the $5,000,000 jurisdictional requirement required by 28 U.S.C. §1332(d)(2).,

it should retain jurisdiction over the individual defendants and concluded that, even though it had jurisdiction over the individual claims, those claims should be remanded because the claims were "intertwined" with claims barred by the Eleventh Amendment. The court stated that the state courts were capable and competent to decide any pending federal questions and a remand of all claims furthered judicial economy. The court reasoned:

> Given the complexity of the case and the overlapping of federal and state claims and the facts supporting or opposing same, <u>it would be a gross misuse of judicial resources and unnecessary expense, not only to the plaintiffs but to the citizens of the State---to try this case twice, once in state court and once in the federal courthouse.</u> See Mills v. Rogers, 457 U.S. 291, 300,102 S.Ct. 2442, 2448-49, 73 L.Ed.2d 16 (1982).(substantive rights provided by the Federal Constitution defines minimum standard; state law may recognize liberty interests more extensive then those protected by the U.S. Constitution). (emphasis added).

14.     Thus, even if this Court finds - which plaintiffs claim it should not - that it has subject matter jurisdiction to entertain any segments of the amended complaint relating to the Transocean Defendants, it should nevertheless remand all segments or features of such claims back to the state court since they are integrally intertwined with the declaratory judgment claim against the Department and a remand of the latter claim is mandatorily required.

## **CONCLUSION**

The plaintiffs respectfully submit that the Court should review the motions to remand that have been filed by the plaintiffs and the Florida Department of Revenue to determine whether or not this case, or any part of it, must be remanded to the state court. This is an efficient manner of resolving these issues and promotes judicial economy which is favored by the courts. It strains common sense to stay this court's exercise of its threshold obligation to determine subject matter jurisdiction where a facial or preliminary review of the matter will reflect that all or a part of the issue involved must be remanded to state court. To defer to a stay under such circumstances

could expose the critical time sensitive state law issues to an unaddressed and unresolved status during the travels of the matter through the delayed and serpentine pathway of the MDL adjudication.

Dated this 16th day of December 2011.

/s/ William C. Owen
William C. Owen, Esq.
William C. Owen, LLC
241 Pinewood Drive
Tallahassee, Florida 32303
Fla. Bar No. 105417
(850) 513-0600
(850) 877-2809 fax

Talbot D'Alemberte, Esq.
Patsy Palmer, Esq.
D'Alemberte & Palmer, PLLC
P.O. Box 10029
Tallahassee, Florida 32302
850-325-6292

Douglas S. Lyons, Esq.
Fla. Bar No. 128277
Marsha L. Lyons, Esq.
Fla. Bar No. 128281
Lyons & Farrar, P.A.
325 North Calhoun Street
Tallahassee, Florida 32301
(850) 222-8811
(850) 222-5583 fax

P. Tim Howard, Esq.
Howard & Associates, P.A.
1471 Timberlane Road
Suite 115
Tallahassee, Florida 32312
(850) 298-4455
(850) 216-2537 fax

James G. Feiber, Jr., Esq.
Salter Feiber Murphy Hutson
 & Menet P.A.
P. O. Box 357399
Gainesville, Florida 32635
(352) 37608201
(352) 376-7996 Fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of December 2010, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

/s/ William C. Owen
William C. Owen