IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

| | |
|---|---|
| SCOTT CARSWELL, JULIE CARSWELL, KENT McCOY, JANINE McCOY, and ROBERT HOWARD, individually and as representatives of similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>LISA ECHEVERRI, as Executive Director of the Florida Department of Revenue, acting in her official capacity, and BP, PLC; BP PRODUCTS NORTH AMERICA INC.; BP AMERICA INC.; BP EXPLORATION AND PRODUCTION INC.; BP AMERICA PRODUCTION COMPANY; TRANSOCEAN, LTD.; TRANSOCEAN OFFSHORE DEEPWATER DRILLING, INC.; TRANSOCEAN DEEPWATER, INC.; TRANSOCEAN HOLDINGS, LLC; TRITON ASSET LEASING GMBH; HALLIBURTON ENERGY SERVICES, INC.; CAMERON INTERNATIONAL CORPORATION f/k/a COOPER CAMERON CORPORATION; ANADARKO PETROLEUM CORPORATION; ANADARKO E & P COMPANY, L.P.; MOEX OFFSHORE 2007, L.L.C.; M-I, LLC; DRIL-QUIP, INC.; MITSUI OIL EXPLORATION; and HYUNDAI HEAVY INDUSTRIES CO. LTD., INC.,<br><br>Defendants. | CASE No. 4:10-CV-00486 |

------------------------------------------------------------

**BP DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE AND PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM**

Defendants BP Products North America Inc., BP America Inc., BP Exploration and Production Inc., and BP America Production Company (collectively, the "BP Defendants") respectfully submit this Response to Plaintiffs' Motion to Strike BP Defendants' Response to Plaintiffs' Motion to Remand and for Leave to File Supplemental Memorandum.

### A. Plaintiffs' Motion To Strike Has No Merit.

Plaintiffs have had ample notice that federal jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. § 1349(b)(1)(A), would be at stake in this case. Plaintiffs concede that Transocean filed a timely Amended Notice of Removal on November 10, 2010 invoking this Court's OCSLA jurisdiction under section 1349. *See* Pls' Mem. at 2 ¶ 3; *see also* Transocean's Amended Notice of Removal ¶ 4 ("In addition, or in the alternative, Transocean properly removes this case because this Court has original jurisdiction over the State Court Action pursuant to OCSLA.") (Docket 10). Plaintiffs concede that this Notice "contain[ed] a short and plain statement of the grounds for removal" and thus satisfied the requirements of 28 U.S.C. § 1446(b). *See* Pls' Mem. at 1 ¶ 1, 2 ¶ 3. And Plaintiffs concede that the BP Defendants filed a Notice of Joinder in removal on November 22, 2010. *See* Pls' Mem. at 2 ¶ 4. That Notice is summarized on this Court's docket as a "Notice for Joinder in 1 Notice of Removal, **10 Amended Notice of Removal**." (Docket 21) (emphasis added).

In their Motion to Strike, Plaintiffs seize on a portion of the text of the BP Defendants' Notice of Joinder, which cross-references "Doc. 1" (*i.e.*, Transocean's Notice of Removal) instead of "Docket 10" (*i.e.*, the Amended Notice of Removal). They claim that this cross-reference suggests that the BP Defendants joined only those arguments that Transocean raised in its Notice of Removal, and that the BP Defendants thus cannot address the arguments in Transocean's Amended Notice of Removal. That is the sum and substance of Plaintiffs' motion. Even though Plaintiffs were aware of defendants' OCSLA jurisdiction arguments (and, indeed, sought to respond to those arguments in their Motion for Remand), they would have this Court strike the BP Defendants' Response brief based solely on this technicality.

Plaintiffs' argument has no basis in law or logic, and should be rejected for four independent reasons. *First*, Plaintiffs have no basis for arguing that a defendant who joins in the

removal of a claim from state court must join in specific Notices of Removal, rather than the act of removal itself.  Nowhere do Plaintiffs point to any case providing that defendants must file additional joinders on each occasion that a Notice of Removal is amended.  Nor do they explain how their proposed requirement is consistent with the purpose of the "rule of unanimity" to ensure that each defendant agrees to removal in writing and thereby joins in the invocation of federal jurisdiction.  In short, Plaintiffs point to no requirement that defendants continue to file joinders in subsequent amendments to a notice if they join in the removal itself.  Hence, the BP Defendants were under no obligation to join in specific notices of removal when they filed their notice of joinder.  All that was required was that they join in Transocean's removal of the case to federal court — which they did.

*Second*, even assuming that the BP Defendants were required to join in the Amended Notice of Removal, they did so by noting their joinder appropriately in this Court's docket.  This Court's docket provides that the BP Defendants filed a notice of Joinder in "10 Amended Notice of Removal."  (Docket 21.)  That was enough to put Plaintiffs on notice that the BP Defendants would raise OCSLA as a ground for this Court's jurisdiction.  Plaintiffs point to nothing requiring anything further.

*Third*, even assuming that the BP Defendants' notice of joinder was technically defective, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  Accordingly, "[w]here subject matter jurisdiction exists and any procedural shortcomings may be cured by resort to § 1653," there is "no valid reason for the court to decline the exercise of jurisdiction."  *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993).  To the contrary, a "district court err[s] by remanding [a] case on

3

jurisdictional grounds when faced solely with a procedural defect in the removal process." *Id.* at 1298; *see also Rossi, Turecamo & Co. v. Best Resume Service, Inc.*, 497 F. Supp. 437, 439-41 (S.D. Fla. 1980).

In this regard, it is notable that Plaintiffs cannot plausibly claim surprise or prejudice at the arguments made in the BP Defendants' Response memorandum. Indeed, Transocean's Amended Notice of Removal invoked precisely the same OCSLA jurisdictional basis as the BP Defendants' Response memorandum. And Plaintiffs raise only the most technical of technically "defective allegations" with respect to jurisdiction — that the BP Defendants did not cross-reference the Amended Notice of Removal in their Notice of Joinder. Accordingly, if this Court believes that the BP Defendants' Notice of Joinder contains a "procedural defect" here, the BP Defendants respectfully request leave to amend their Notice of Joinder pursuant to section 1653 to make clear that they invoke this Court's jurisdiction under OCSLA.

***Fourth and finally***, the entire issue is moot. Cameron International Corporation ("Cameron") has filed a response memorandum to Plaintiffs' Motion to Remand. (*See* Docket 47.) In that memorandum, Cameron argues that this Court has original jurisdiction under OCSLA over Plaintiffs' claims against the non-State defendants, and that this Court can remand the claims against the Florida Department of Revenue under *Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 392-93 (1998). Those are precisely the same arguments that the BP Defendants made in their Response memorandum. Plaintiffs therefore cannot dispute that these arguments have been timely raised and are properly before this Court. Accordingly, even if this Court were to conclude that it could not consider the BP Defendants' Response memorandum (contrary to the many reasons given above), it must still address the OCSLA jurisdiction arguments that the BP Defendants have presented.

For these reasons, this Court should deny Plaintiffs' Motion to Strike the BP Defendants' Response to Plaintiffs' Motion to Remand.

### B. The Arguments For Remand In Plaintiffs' Supplemental Memorandum Of Law Have No Merit.

The BP Defendants do not object to this Court's consideration of the new arguments made by Plaintiffs in their Supplemental Memorandum of Law in Support of Motion to Remand. To the contrary, the BP Defendants recognize the importance of the jurisdictional issues here, and do not seek to deprive this Court of the limited additional briefing on that issue contained in Plaintiffs' Supplemental Memorandum.

If this Court considers the new arguments made in Plaintiffs' Supplemental Memorandum, the BP Defendants respectfully request that the Court also consider the BP Defendants' brief response, contained below. Indeed, the BP Defendants respectfully submit that Plaintiffs' Supplemental Memorandum abundantly confirms that this Court should either (1) defer a ruling on Plaintiffs' motion to remand until the Judicial Panel on Multidistrict Litigation ("JPML") has made a determination with respect to the inclusion of this case in the multidistrict litigation arising out of the *Deepwater Horizon* oil spill, or (2) if it addresses the merits of the jurisdictional issue, hold that Plaintiffs allege a claim against the BP Defendants that falls within this Court's OCSLA jurisdiction.

*First*, Plaintiffs have no credible explanation for the many cases cited by the BP Defendants in which courts have held that the well-pleaded complaint rule does not apply in the

5

context of OCSLA.[1]  Plaintiffs simply ask this Court to ignore that case law as being of "questionable authority," Pls' Mem. at 11, on the basis of non-OCSLA cases addressing exceptions to section 1441 and whether OCSLA permits concurrent state jurisdiction — issues that have no relevance to this case.  OCSLA provides *original* federal jurisdiction over actions that would not have occurred "but for" operations on the Shelf, whether or not the face of a plaintiff's complaint specifically alleges a cause of action under the federal statute.  *See, e.g.*, *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150 (5th Cir. 1996).  Plaintiffs cite no case holding otherwise.  Their extended quotations from a district court case addressing irrelevant aspects of a federal financial statute cast no doubt whatsoever on the well-settled — and directly on point — OCSLA case law from the Fifth Circuit.

More to the point, Plaintiffs flatly urge this Court to adopt a holding regarding the well-pleaded complaint rule that conflicts with Judge Barbier's opinion in the multidistrict litigation arising out of the *Deepwater Horizon* oil spill.  *See* Pls' Mem. at 11 n.2 (stating that Judge Barbier's opinion is "questionable" because it "does not engage in [relevant] analysis"); *compare In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL No. 2179, at 5 (E.D. La. Oct. 6, 2010) (holding that plaintiff was "incorrect in arguing that the well-pleaded complaint rule serves as a bar to removal" for OCSLA cases).  Accordingly, Plaintiffs' Supplemental Memorandum starkly raises the risk of inconsistent outcomes in cases arising out

---

[1] *See, e.g.*, *Tenn. Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 152 (5th Cir. 1996) (holding that court had removal jurisdiction "even assuming that . . . [plaintiff's] well-pleaded complaint asserts a maritime claim"); *Amoco Prod. Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir. 1988) (stating that the court "need not traverse the Serbonian Bog of the well pleaded complaint rule . . . because [section 1349] expressly invests jurisdiction in the United States District Courts"); *Cameron Offshore Boats, Inc. v. Alpine Ocean Seismic Surveys*, 862 F. Supp. 1578, 1584 (W.D. La. 1994) (court had jurisdiction although "petition does not specifically refer to OCSLA"); *Fields v. Pool Offshore, Inc.*, No. Civ. A. 97-3170, 1997 WL 767634, at *3 (E.D. La. Dec. 8, 1997) ("The fact that plaintiff's state court petition did not invoke jurisdiction under OCSLA is not dispositive of [the removal] issue.");  *White v. Chevron, USA, Inc.*, Civ. A. No. 90-0113, 1990 WL 28167, at *1 (E.D. La. Mar. 14, 1990) ("Although in this case, the plaintiffs did not plead OCSLA in their state court petition but only alleged state causes of action, the statute and the jurisprudence clearly demonstrate that because this action arose on the outer continental shelf, the plaintiffs' exclusive remedy is pursuant to OCSLA.").

6

of the *Deepwater Horizon* oil spill and, as a result, abundantly confirms the wisdom of deferring ruling on the remand issue until the JPML has made a determination with respect to this case. If this case is allowed to become part of the multidistrict litigation, Judge Barbier can then decide how his earlier opinion affects the removability of this case.

     ***Second***, Plaintiffs are incorrect that Transocean was obligated to obtain the consent of a state party, the Executive Director of the Florida Department of Revenue, that has asserted Eleventh Amendment immunity (and thereby requested remand to state court) in order to remove claims against the non-State defendants. Where a claim against a party (here, the Executive Director) has been fraudulently joined to defeat a federal court's removal jurisdiction, consent from the fraudulently joined party is not required. *See, e.g.*, *Diaz v. Kaplan Univ.*, 567 F. Supp.2d 1394, 1402-04 (S.D. Fla. 2008); *Commonwealth Edison Co. v. Int'l Brotherhood of Electrical Workers, Local Union No. 15*, 961 F. Supp. 1154, 1165 (N.D. Ill. 1996). Plaintiffs do not respond to the argument that they fraudulently joined the Executive Director in a (futile) attempt to evade this Court's federal jurisdiction.

     Moreover, as the BP Defendants have previously explained, a "State's proper assertion of an Eleventh Amendment bar after removal . . . does not destroy removal jurisdiction over the remaining claims" before a district court. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 392-93 (1998). Under *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613 (2002), a State that "voluntarily agree[s] to remove [a] case to federal court" thereby "voluntarily invoke[s] the federal court's jurisdiction" and cannot raise the Eleventh Amendment bar. *Id.* at 620. In other words, if the Executive Director had consented to removal here, she would also have waived the State's sovereign immunity. As this Court has already properly held, Plaintiffs' claim against the Executive Director is wholly distinct and may be separately

7

remanded to state court. *See* Order Remanding Claims Against Lisa Echeverri as Executive Director of the Florida Department of Revenue (Docket 53). Under these circumstances — where the Court has federal jurisdiction over the remaining claims — it makes no sense to require defendants to obtain the consent of the Executive Director. *See, e.g.*, *Rey v. Classic Cars*, 762 F. Supp. 421, 423 (D. Mass. 1991) (holding that "the failure of the Commonwealth of Massachusetts to consent to removal does not require that the case be remanded given that the eleventh amendment prohibits a suit against the Commonwealth in a federal court absent the Commonwealth's consent").

## CONCLUSION

For these reasons, the BP Defendants respectfully request that this Court deny Plaintiffs' Motion to Strike the BP Defendants' Response to Plaintiffs' Motion to Remand and, if the Court believes it to be necessary, grant the BP Defendants leave to amend their Notice of Joinder pursuant to 28 U.S.C. § 1653. As to the merits of the jurisdictional issue, the BP Defendants respectfully request that this Court defer a ruling on Plaintiffs' motion to remand until the JPML has made a determination with respect to the inclusion of this case in the multidistrict litigation. If this Court addresses the merits of Plaintiffs' motion, the BP Defendants respectfully request that the motion be denied, and that the claims against them be maintained in federal court.

Respectfully submitted on January 10, 2011,

| | |
|---|---|
| OF COUNSEL: | **AKERMAN SENTERFITT** |
| Richard C. Godfrey, P.C. | 106 East College Avenue, Suite 1200 |
| John T. Hickey Jr., P.C. | Tallahassee, FL  32301 |
| J. Andrew Langan, P.C. (admitted N.D. Fla.) | Phone:  (850) 224-9634 |
| Wendy L. Bloom (admitted N.D. Fla.) | Fax:  (850) 222-0103 |
| Kirkland & Ellis LLP | |
| 300 North LaSalle Street | By: s/ Thomas A. Range |
| Chicago, IL  60654 | J. Riley Davis |
| 312-862-2000 (Tel) | Florida Bar Number:  118121 |
| 312-862-2200 (Fax) | Thomas A. Range |
| Attorneys for the BP Defendants | Florida Bar Number:  568651 |
| | Attorneys for the BP Defendants |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed on January 10, 2011 via CM/ECF, which will send a copy of this filing via electronic mail to all attorneys of record.

                                                        s/ Thomas A. Range